UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM ALBERT RUSSELL,

        Plaintiff,                            Hon. Robert J. Jonker

v.                                       Case No. 1:25-cv-00977

CITY OF LANSING, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

For the reasons articulated herein, the undersigned recommends that this action be dismissed with prejudice pursuant to 28 U.S.C. § 636(b)(1)(B) for Plaintiff's failure to prosecute and to comply with the Court's orders.

### I. Background

Plaintiff initiated this action against (1) the City of Lansing, (2) the Lansing Code Compliance Department, (3) the Lansing Police Department, (4) Officer Christopher Mosby, and (5) Unknown Parties comprised of "unidentified code officers." (ECF No. 1, PageID.3). On November 10, 2025, Defendants Lansing Code Compliance Department, Lansing Police Department, City of Lansing, and Christopher Mosby moved to dismiss Plaintiff's claims. (ECF No. 8). On January 28, 2026, the Court ordered Plaintiff to respond to Defendants' motion "no later than 21 days" from the date of the Order. (ECF No. 10). The Order further stated that, "[i]n the event Plaintiff fails to timely comply with this Order, the undersigned will consider any opposition to Defendants' motions

waived and will, accordingly, recommend that Defendants' motion be granted."  (ECF No. 10, PageID.233).   The Order was returned to the Court on February 9, 2026, as "Return to Sender" and remailed to Plaintiff's new address.   (ECF No. 11).   The second copy was again returned to the Court on March 9, 2026, as "Return to Sender."   (ECF No. 12).   Nearly a month has passed since the Court's February 18, 2026 deadline to respond to Defendants' motion, and Plaintiff has failed to comply.

## II. Analysis

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."   *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962).   This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."   *Id.* at 629-30.   Failure by a plaintiff to prosecute constitutes grounds to dismiss the complaint, or any particular claims therein.   *See* FED. R. CIV. P. 41(b).

When examining whether dismissal for failure to prosecute is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered.   *See Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).   These factors weigh in favor of dismissal

here.   Notably, Plaintiff was warned that failure to respond and comply with the Court's order would result in the Court granting Defendants' motion to dismiss.   (ECF No. 10, PageID.233).

Further, Local Rule of Civil Procedure 41.1 provides that "[f]ailure of a plaintiff to keep the Court apprised of a current address shall be grounds for dismissal for want of prosecution."   W.D. MICH. LCIVR 41.1.   On two separate occasions, items that the Court attempted to mail to Plaintiff were returned because Plaintiff has failed to provide the Court with his current mailing address.   (ECF Nos. 11, 12).   Plaintiff's conduct unfairly prejudices Defendants' ability to defend against Plaintiff's claims.   Accordingly, the undersigned recommends that Defendants' Motion to Dismiss be granted.

<u>**CONCLUSION**</u>

For the reasons discussed herein, the undersigned recommends that Defendants' Motion to Dismiss (ECF No. 8) be granted.   For the same reasons the undersigned makes these recommendations, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.   *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Dated: March 17, 2026                             /s/ Phillip J. Green
                                                 PHILLIP J. GREEN
                                                 United States Magistrate Judge